CARL J. HASKINS, JR., Plaintiff Below-Appellant,
v.
JEFF KAY, Defendant Below-Appellee.
No. 82, 2008.
Supreme Court of Delaware.
Submitted: October 3, 2008.
Decided: December 16, 2008.
Before STEELE, Chief Justice, HOLLAND, and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice
This 16th day of December 2008, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Carl Haskins, filed this appeal from the Superior Court's decision, dated February 5, 2008, which dismissed his complaint against probation officer, Jeff Kay, on sovereign immunity grounds and for failing to state a civil rights claim under 42 U.S.C. § 1983. On the record before us, we find that Haskins' complaint asserting an individual claim against Kay was sufficient to withstand a motion to dismiss under Superior Court Civil Rule 12(b)(6). Accordingly, we affirm the Superior Court's judgment in part and reverse in part and remand this matter for further proceedings consistent with this order.
(2) The record reflects that Haskins filed his complaint against Kay and another probation officer, as well as members of the Board of Parole, each in their official and "independent" capacities. The gist of Haskins' complaint alleged that, upon his release from prison in 2001, he was fraudulently induced into signing release papers that imposed probationary conditions on his release, which were not part of his original sentence. The complaint further alleged that, on July 12, 2005, Kay and the other probation officer conducted an administrative search of his apartment looking for evidence to charge Haskins with violating the terms of his release. Haskins further alleged that the officers returned the next evening, while Haskins was in jail, "trashed" his belongings, causing thousands of dollars worth of damage, and also stole numerous items, including rare baseball cards (valued at $22,000), coins (valued at $10,000), and two microwave ovens.
(3) In an opinion dated September 27, 2007, the Superior Court dismissed all of Haskins' claims except for the claims against Kay. With respect to the claims against Kay, the Superior Court found that, as alleged, Haskins' complaint asserted enough "to show the potential for gross or wanton negligence" sufficient to overcome Kay's assertion of qualified immunity.[1] The Superior Court further held, however, that more information was needed to determine if the State had insurance to cover the kind of claims made by Haskins. Accordingly, the Superior Court denied Kay's motion to dismiss without prejudice and directed Kay to provide information about the State's insurance coverage. After receiving Kay's supplemental information, the Superior Court held that, because there was no insurance coverage, the State had not "waived immunity for the type of actions brought against Kay in his official capacity."[2] The court also held that Haskins' complaint did not state a claim for a civil rights violation under 42 U.S.C. § 1983 because Haskins' did not allege a violation of any constitutional right.[3]
(4) In his opening brief on appeal, Haskins enumerates the following five claims: (i) the Superior Court abused its discretion by only addressing Haskins' claims against Kay in his official capacity; (ii) the Superior Court erred in refusing to allow him to pursue discovery in order to support his claims against Kay in both his official and his individual capacity; (iii) the Superior Court judge had a conflict and should have recused himself; (iv) the trial court erred in dismissing the tort claim against Kay in his individual capacity; and (v) the State waived all immunity when it presented a fraudulent indictment in order to illegally prosecute Haskins in 1986.
(5) This last claim, challenging the validity of the criminal indictment, is one that has been pursued by Haskins in many different forms of postconviction petitions. Haskins has been advised repeatedly that, despite his many attempts to refine or restate the claim, he cannot relitigate this issue, which already has been decided against him.[4] We will not consider this repetitive claim again here.
(6) Furthermore, Haskins failed to raise any issue of judicial conflict to the Superior Court in the first instance. Ordinarily, we would not consider this issue for the first time on appeal.[5] We consider it now only because we have determined that the matter needs to be returned to the Superior Court for further action. Haskins asserts that the judge below should have recused himself, sua sponte, because the judge was involved in Haskins' criminal case and previously had ruled against Haskins. Haskins also asserts that the judge's former service as a deputy attorney general was grounds for recusal. We find no plain error with respect to either basis for recusal. It is well-established that previous contact between a judge and litigant, even if the judge previously ruled adversely against the litigant, is not grounds for automatic disqualification.[6] Moreover, Haskins has made no attempt to argue how the judge's service as a deputy attorney general more than thirty years ago could reasonably call into question the impartiality of the trial judge.[7] Having reviewed the record, and in the absence of a motion for recusal, we find no objective grounds upon which to question the impartiality of the trial judge.[8]
(7) Haskins remaining three claims all relate to the Superior Court's failure to address Haskins' claim against Kay, individually, and to allow Haskins to conduct discovery with respect to this claim. We review de novo the trial court's grant of a motion to dismiss under Rule 12(b)(6).[9] The test for determining the sufficiency of a claim is a broad one, that is, we must determine whether the plaintiff would be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[10] The facts alleged in the complaint must be taken as true and all inferences therefrom must be viewed in a light most favorable to the plaintiff.[11]
(8) Applying these legal standards to the present case, we conclude that the allegations of Haskins' complaint, asserting a claim against Kay in his individual capacity, were sufficient at this stage of the proceedings to withstand summary dismissal. The facts Haskins alleged about Kay's conduct included allegations of Kay's theft of thousands of dollars of collectibles and electronics. If proven, these facts could present a meritorious basis for relief by overcoming Kay's assertion of qualified immunity under the State Torts Claim Act.[12] Even if the Superior Court ultimately concludes that Haskins' complaint lacks merit, we conclude that dismissal of the complaint at this stage was error because the trial court failed to draw every reasonable factual inference in favor of Haskins.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court dismissing Haskins' claim against Kay, individually, is REVERSED and the matter is REMANDED for further proceedings consistent herewith. In all other respects, the judgment below is AFFIRMED.
NOTES
[1] Haskins v. Kay, 2007 WL 4662114 (Del. Super. Sept. 27, 2007).
[2] Haskins v. Kay, 2008 WL 484444 (Del. Super. Feb. 5, 2008).
[3] In its September 27, 2007 opinion, the Superior Court initially stated that it did not read Haskins' complaint to attempt to state a section 1983 claim. Nonetheless, because Kay raised the issue in his motion to dismiss, and again in his supplement to the motion to dismiss, the Superior Court addressed the issue. Haskins' does not challenge that aspect of the Superior Court's opinion in this appeal.
[4] In re Haskins, No. 472, 1994, Hartnett, J. (Del. Jan. 11, 1995).
[5] Del. Supr. Ct. R. 8 (2008).
[6] In re Wittrock, 649 A.2d 1053, 1054 (Del. 1994).
[7] Id.
[8] See Evans v. State, 2005 WL 5118396 (Del. Jan. 24, 2005) (limiting review to objective appearance of bias when defendant's failure to file motion for recusal foreclosed judge from determining subjective basis).
[9] See Wal-Mart Stores, Inc. v. AIG Life Ins. Co., 901 A.2d 106, 112 (Del. 2006).
[10] Spence v. Funk, 396 A.2d 967, 968 (Del. 1978).
[11] Doe v. Cahill, 884 A.2d 451, 458 (Del. 2005).
[12] Del. Code Ann. tit. 10, § 4001 (1999) (providing, in essence, that public officers enjoy immunity for their actions if the act complained of: (i) arose in connection with the performance of an official duty; (ii) was done in good faith; and (iii) was done without gross or wanton negligence). See Wiers v. Barnes, 925 F. Supp. 1079, 1092 (D. Del. 1996) (noting that the three elements of Section 4001, which are required to demonstrate statutory immunity, do not readily lend themselves to resolution by summary judgment because they require the proof of subjective facts).