IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARCUS JOHNSON, | § | |
| | § | No. 426, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N16C-12-217 |
| CONNECTIONS COMMUNITY | § | |
| SUPPORT PROGRAMS, INC., et al., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: July 19, 2018
Decided: October 16, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### **O R D E R**

(1)    The appellant, Marcus Johnson, is serving a sentence in the custody of a Delaware correctional facility. Johnson has filed this appeal from the Superior Court's order of September 29, 2017, dismissing his civil complaint against Connections Community Support Programs, Inc., and several of the company's employees. Connections Community Support Programs (CCSP) provides medical care to inmates incarcerated in Delaware. Johnson's complaint asserted liability under stand-alone theories of negligent supervision and deliberate indifference of a prisoner's serious medical needs.

(2)     Johnson alleged that he was injured as a result of the defendants' repeated failures to schedule him for a follow-up medical appointment to address a sleeping disorder—sleep apnea—which he described as severe.[1]  Johnson alleged that CCSP's repeated errors and oversights caused a delay of nearly one year during which he suffered daily pain and exhaustion from his untreated medical condition. Johnson alleged that a CCSP employee advised him in May 2016 that the repeated failures to schedule the appointment were due to CCSP being understaffed.  And Johnson alleged that, notwithstanding two medical grievance decisions in August 2016 ruling in his favor and directing that the follow-up appointment be scheduled without further delay, CCSP still had not made the appointment at the time he filed his complaint in January 2017.

(3)     In April 2017, the defendants moved to dismiss the complaint.  After considering the motion and Johnson's response, the Superior Court dismissed the complaint with prejudice.  This appeal followed.

(4)     Johnson raises only one argument on appeal—that the Superior Court erred when dismissing his deliberate indifference claim under Superior Court Civil

---

[1] Specifically, Johnson alleged that "every day and throughout the day" he experienced excessive daytime sleepiness, depression, dry mouth, dry throat, fatigue, lack of breathing, migraines, blurred vision, extreme redness of the eyes, eye strain, excessive throbbing pain in his left and right ears, and limited hearing in the right ear.  Pl.'s Am. Compl., *Johnson v. Connections Cmty. Support Programs, Inc.*, No. N16C-12-217 (Jan. 25, 2017).

Rule 12(b)(6). All other claims and issues that Johnson could have raised on appeal, but did not, are deemed waived and abandoned.[2]

(5) When ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Superior Court must determine whether the plaintiff "may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[3] We review a dismissal under Rule 12(b)(6) *de novo* to determine whether the trial judge erred as a matter of law.[4]

(6) It is well-established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment."[5] To succeed with a claim of deliberate indifference, the plaintiff must prove that he has a serious medical need and that the defendant knew of the serious medical need and disregarded it.[6] A medical need is sufficiently serious if a physician has diagnosed it as requiring treatment or if it is one that is so obvious that a layperson could easily recognize the need for a

---

[2] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). On appeal, Johnson does not challenge the Superior Court's dismissal of the two "Jane Doe" defendants, the negligent supervision claim, a claim for injunctive relief; and any claims alleging medical malpractice.
[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[4] *Dunlap v. State Farm Fire and Casualty Co.*, 878 A.2d 434, 438 (Del. 2005).
[5] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
[6] *Id.* at 106.

physician's attention.[7]  Courts have long held that deliberate indifference can occur when prison medical authorities cause a delay in providing medical treatment.[8]

(7)     The individual defendants include four nurses, Cynthia Mallee, Laura Brackett, Staci Collins-Young, and Sharon Henderson.  We agree with the Superior Court that the plaintiff has not alleged facts sufficient to show that they had the culpable state of mind for a claim of deliberate indifference.  Therefore, the dismissal of the complaint as to those four defendants is affirmed.  After carefully considering the parties' briefs and the record, however, we have concluded that the Superior Court erred when dismissing Johnson's deliberate indifference claim as to the remaining two defendants, CCSP and Jami Jones, who is alleged to have been responsible for seeing that medical requests were handled appropriately.  Johnson has alleged more than the ordinary delays attendant to routine prison medical care. He claims a serious medical condition left untreated for over a year, two medical grievance decisions in his favor finding the need for treatment, and yet at the time

---

[7] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3rd Cir. 1987).

[8] *See, e.g., Lee v. Sewell*, 2005 WL 3506346, at **2 (3rd Cir. Dec. 23, 2005) ("Short of absolute denial, if necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out."); *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3rd Cir. 1979) ("Systemic deficiencies in staffing which effectively deny inmates access to qualified medical personnel for diagnosis and treatment of serious health problems have been held to violate constitutional requirements."); *Deputy v. Conlan*, 2007 WL 3071424, at *2 (Del. Oct. 22, 2007) ("Nonetheless, courts have held that prison officials' delay in providing surgery, if it proves harmful to the prisoner, can amount to deliberate indifference." (citing *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985))); *Szubielski v. Correct Care Solutions*, LLC, 2014 WL 5500229, at *5 (Del. Ch. Oct. 13, 2014) (denying motion to dismiss after determining that the *pro se* complaint could not be read to foreclose a claim of deliberate indifference based on an alleged policy or custom of not hiring adequate medical staff).

of filing the complaint, he still had not received treatment.    Viewing the complaint's factual allegations in a light most favorable to Johnson, we conclude that the claim against CCSP and Jami Jones was sufficient to survive dismissal under Rule 12(b)(6) for failure to state a claim.[9]  Accordingly, dismissal of the complaint as to those two parties is reversed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED IN PART and REVERSED IN PART and this matter is remanded for further proceedings consistent with this Order.    Jurisdiction is not retained.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[9] *Haskins v. Kay*, 2008 WL 5227187, at *2 (Del Dec. 16, 2008) ("Even if the Superior Court ultimately concludes that Haskins' complaint lacks merit, we conclude that dismissal of the complaint at this stage was error because the trial court failed to draw every reasonable inference in favor of Haskins.").