IN THE SUPREME COURT OF THE STATE OF DELAWARE

CARL HASKINS, § 
 § 
 Defendant Below, § No. 550, 2018
 Appellant, § 
 § Court Below—Superior Court
 v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. ID No. 86012667DI (N)
 § 
 Plaintiff Below, § 
 Appellee. § 

Submitted: November 9, 2018
Decided: December 4, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

# O R D E R

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On October 29, 2018, the appellant, Carl Haskins, filed a notice of appeal from a Superior Court order, dated October 11, 2018, denying his motion for correction of illegal sentence. In the motion, Haskins challenged his 1986 indictment for rape. This Court has previously held that no filings relating to Haskins' conviction or sentencing will be docketed unless a Justice first determines that the proposed application is neither repetitious nor frivolous.[1] On October 30,

---

[1] *In re Haskins*, 1995 WL 13441, at *1 (Del. Jan. 11, 1995) (dismissing petition challenging allegedly defective indictment as frivolous and ordering that no further filings by Haskins in regard

2018, the Senior Court Clerk issued a notice directing Haskins to show cause why this appeal should not be dismissed as frivolous and repetitive under this Court's previous orders.

(2) In his response to the notice to show cause, Haskins argues that the indictment was defective. Haskins' challenges to his indictment are repetitious and frivolous.[2] He has also failed to pay the filing fee or file a motion to proceed *in forma pauperis* by November 14, 2018 as directed by the Senior Court Clerk. Under these circumstances, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

to his conviction or sentencing for Rape in the Second Degree would be docketed without a Justice of the Court first determining that the proposed application was neither repetitious nor frivolous).
[2] *See, e.g., Haskins v. Kay*, 2008 WL 5227187, at *2 (Del. Dec. 16, 2008) (recognizing that Haskins had challenged the validity of the indictment numerous times and "despite his many attempts to refine or restate the claim, he cannot relitigate this issue, which already has been decided against him"); *In re Haskins*, 1995 WL 13441, at *1 (dismissing petition challenging allegedly defective indictment as frivolous because Haskins had pled guilty and therefore waived any alleged defects in the indictment).
.